UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

THOMAS REESE,

              Petitioner,

    v.                                              Case No. 22-cv-282-pp

JIM SULLIVAN,
and LINDA BOYER,

              Respondents.

_____

**ORDER DISMISSING *HABEAS* PETITION WITHOUT PREJUDICE**
**(DKT. NO. 1)**

_____

On March 9, 2022, the petitioner, representing himself, filed a pleading titled "Petition for Original Writ of Habeas Corpus Authorized by Common Law Right/Remedy (Non-Statutory)." Dkt. No. 1.[1] The document was not prepared using one of the court's standard forms. The petition does not assert that the petitioner is in physical custody in any jail or prison; it mentions "executive imprisonment." Id. at 4, ¶17. The petition alleges that since January 1, 2016, respondent Jim Sullivan, "who is the director of the Milwaukee Co. Child Support Services, located in Milwaukee, WI, has been unlawfully garnishing Petitioner's wages." Dkt. No. 1 at 2. The petition asserts that respondent Linda

---

[1] This is one of two purported *habeas corpus* petitions the petitioner filed in this district in the spring of this year. He filed the second petition on April 27, 2022. Reese v. Wisconsin DOC-SORP, Case No. 22-cv-502 (E.D. Wis.), at Dkt. No. 1. On October 31, 2022, the court dismissed that second petition because it did not state a claim cognizable on *habeas* review. Id. at Dkt. No. 4.

1

Boyer, "the acting Commissioner of the Federal Office of Child Support Enforcement," is depriving the petitioner of his "civil rights under color of the law." Id. at 2-3. The petition seeks injunctive relief; it asks the court to void/dismiss/vacate two "Title IV-D" cases (In Re the Paternity of M.M.R., Case No. 2016PA000268PJ (Milwaukee County Circuit Court), and State of Wisconsin v. Jessica A. Zaccone, *et al.*, Case No. 2018FA003549 (Milwaukee County Circuit Court), both available at https://wcca.wicourts.gov) and to award him $8,154.21, the amount he says has been unlawfully garnished. Id. at 8. The petitioner has paid the $5.00 filing fee.

On April 27, 2022, the court received a letter from the petitioner, indicating that he was including additional information for the "recently filed Habeas Corpus." Dkt. No. 3. He argued that the respondents had dispossessed him of his property in violation of the Fourth Amendment of the United States Constitution. Dkt. No. 3.

The petitioner titles his pleading "Petition for Original Writ of Habeas Corpus Authorized Under Common Law Right/Remedy (Non-Statutory)." Id. at 1. There are federal *habeas corpus* statutes: 28 U.S.C. §2241 (under which a person may challenge the way his federal criminal sentence is being carried out, may challenge federal or state custody based on something other than a sentence or may challenge detention in immigration custody); 28 U.S.C. §2254 (under which a person in custody "pursuant to the judgment of a State court" may challenge that custody "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" and may seek release

on that basis); and 28 U.S.C. §2255 (by which a person in custody under a judgment of a *federal* court may file a motion to vacate, set aside or correct his federal sentence). "Prisoners cannot avoid the . . . rules [of federal *habeas* statutes] by inventive captioning." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is the substance that controls." Id.

Each of the three federal *habeas* statutes the court cited above requires that the person seeking relief under those statutes be in custody. Section 2241 says that the court may not grant *habeas* relief "to a prisoner" unless the person is in custody under or by color of the authority of the United States, in custody for an act done or omitted "in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States," is "in custody in violation of the Constitution or laws or treaties of the United States" or is a citizen of a foreign state and is in custody under foreign law. Section 2254 allows a person "in custody pursuant to the judgment of a State court" to seek release on the ground that his incarceration violates the Constitution, laws or treaties of the United States. And §2255 allows a "prisoner in custody under sentence of a" federal court to seek release.

The United States Supreme Court has said that federal *habeas* statutes "give[] the United States district courts jurisdiction to entertain petitions for

3

habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490 (1989) (emphasis in the original) (citing 28 U.S.C. §§2241, 2254). While a person need not be physically confined to seek *habeas* relief, he must be under some criminal sentence—parole, probation, supervision. Id. at 491 (citations omitted). If a person is not in custody, he cannot proceed under federal *habeas* statutes. See Moore v. Pemberton, 110 F.3d 22, 23 (1997).

The petition does not allege that the petitioner is incarcerated. The dockets for the two family court cases the petitioner cites indicate that as of August 2021, the plaintiff was living in the community, at an address on South 57th Street in Milwaukee. See State of Wisconsin v. Jessica A. Zaccone, *et al.*, Case No. 2018FA003549 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov). The petitioner has not alleged that he is on parole or probation or any kind of supervision, nor has he indicated that the allegedly unlawful garnishments are related to a sentence imposed by any court, state or federal. The respondents are not prison or jail wardens. The petitioner seeks damages (which are not available in *habeas corpus* proceedings, see Preiser v. Rodriguez, 411 U.S. 475, 493 (1973), and the injunctive relief he requests is not release from custody, but the dismissal of state court cases (which this court does not have jurisdiction to do, because "[t]he *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Mains v. Citibank, N.A., 852 F.3d 669,

4

675 (7th Cir. 2017) (referencing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

The allegations in the petition and the subsequent letter—that the respondents have violated the petitioner's constitutional rights while acting under color of state law—sound like claims that more appropriately belong in a civil rights lawsuit filed under 42 U.S.C. §1983. That statute allows a plaintiff to sue any "person" who violates his rights under the U.S. Constitution or laws while acting under color of state law. "[I]f a *pro se* litigant 'asks for habeas corpus when he should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored.'" Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (quoting Graham v. Broglin, 922 F.2d 379, 382 (7th Cir. 1991)). There are risks, however, to a district court "converting" a mislabeled *habeas* petition into a civil rights suit—the respondent identified in a *habeas* petition may not be the appropriate defendant (or defendants) in the civil rights suit, the filing fee for a civil rights suit is much more than for a *habeas* petition ($402 for a §1983 case as opposed to $5.00 for a *habeas* petition), the exhaustion requirements are different and there are different restrictions on successive lawsuits. Id.

Given those risks, the court will not convert the mislabeled *habeas corpus* petition into a civil rights complaint. It will dismiss the petition without prejudice, which means that the petitioner is free to file a civil rights suit if he chooses to do so. The court will send the petitioner a blank civil rights

5

complaint form and instructions. In doing so, the court expresses no opinion on the merits of any lawsuit the petitioner might bring.

### III. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus*. Dkt. No. 1. The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of November, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**